IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HYFIN LLC, <br><br> *Plaintiff,* <br><br> vs. <br><br> FIDELITY INFORMATION SERVICES, LLC and WORLDPAY, LLC, <br><br> *Defendants.* | Case No. 2:23-cv-02389-EFM-ADM |

**MEMORANDUM AND ORDER**

Before the Court is Defendants Fidelity Information Services, LLC ("FIS")'s and Worldpay, LLC ("Worldpay")'s Partial Motion to Dismiss (Doc. 9) under Fed. R. Civ. Proc. 12(b)(6). In their Motion, Defendants seek dismissal of Plaintiff Hyfin LLC ("Hyfin")'s claim for breach of the implied covenant of good faith and fair dealing. Hyfin asserts that claim along with its breach of contract claim under Count I. Because Hyfin's implied covenant breach claim is duplicative of its breach of contract claim under New York law, the Court grants Defendants' Motion.

## I. Factual and Procedural Background[1]

The facts relevant to Defendants' Motion are simple and straightforward. Hyfin created a contactless payment system (the "System"), which it licensed to Defendants. The contract forbade either from terminating the contract without cause prior to October 1, 2025. It also contained a choice of law provision mandating that New York law applies to any cause of action arising from the contract's breach.

On December 14, 2022, Defendants sent Hyfin a Notice of Breach. In the Notice, Defendants claimed that the System implicated the Payment Card Industry Data Security Standards ("PCI DSS"). If so, then Hyfin was required to follow certain disclosure requirements and provide a "Report of Compliance" to Worldpay. PCI DSS requirements apply in three situations:

> 1. If the entity stores, processes or transmits cardholder data and/or sensitive authentication data.
>
> 2. If the entity engages third party service providers for (i.e., outsources) their payment operations or management of their cardholder data environment ("CDE").
>
> 3. If 1 and 2 do not apply, some PCI DSS requirements may still apply to an entity third party service provider if the entity can impact the security of, in turn, a service provider or merchant's CDE.

Plaintiff contends that none of these three situations have ever applied to the System.

On March 23, 2023, Defendants purported to terminate the parties' contract, once again claiming that the System fell under PCI DSS requirements. Hyfin claims that this was done in bad faith as an attempt to reduce costs following a financially unsuccessful merger by Defendants.

---

[1] The facts are taken from Plaintiffs' Complaint and are considered true for the purposes of this Order.

Hyfin initiated this lawsuit on September 5, 2023. It alleged only one count but included two claims under that count: (1) breach of contract and (2) breach of the implied duty of good faith and fair dealing. Defendants seek dismissal of the second claim.

## II.     Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[2] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[8]

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[8] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

### III.     Analysis

The parties agree that New York law governs Hyfin's claims, as per the terms of the parties' amended contract.[9]  Defendants argue that under New York law, Hyfin cannot assert claims for both breach of contract and breach of the duty of good faith and fair dealing when those claims stem from the same facts.  Specifically, Defendants contend that the only damages suffered by Plaintiff are those relating to Defendants' alleged breach of contract—in other words, Hyfin has suffered no damages stemming directly from any breach of the duty of good faith and fair dealing.

Under New York law, "[a] claim for breach of the implied covenant of good faith and fair dealing is generally actionable only where wrongs independent of the express terms of the contract are asserted and demands for the recovery of separate damages not intertwined with the damages resulting from a breach of a contract are advanced."[10]  This is because breach of contract and breach of the implied covenant of good faith and fair dealing "are considered one and the same" if "the conduct allegedly violating the implied covenant is also the predicate for breach."[11]  Thus, "[w]here a contractual party is merely seeking to reap the benefits of its contractual bargain, the implied covenant breach claim will not lie."[12]

Hyfin misapprehends the purpose and scope of the implied covenant of good faith and fair dealing.  It is *not* implicated by a party breaching a contract in bad faith.  Rather, it is a *separate*

---

[9] *See Gen. Elec. Cap. Corp. v. Dodson Aviation, Inc.*, 286 F. Supp. 2d 1307, 1313 (D. Kan. 2003) ("[U]nder Kansas choice of law rules, the Court must enforce a valid contractual choice of law provision.").

[10] *J. Kokolakis Cont. Corp. v. Evolution Piping Corp.*, 998 N.Y.S.2d 788, 791 (N.Y. Sup. Ct. 2014) (collecting cases).

[11] *VariBlend Dual Dispensing Sys. LLC v. Crystal Int'l (Grp.) Inc.*, 2019 WL 4805771, at *6 (S.D.N.Y. Sept. 30, 2019) (further citations and quotations omitted).

[12] *J. Kokolakis Cont.*, 998 N.Y.S.2d at 791 (same); *see also Zicherman v. State Farm Fire & Cas. Co.*, 2023 WL 6675327, at *2 (E.D.N.Y. 2023) (denying motion to dismiss claim for breach of duty of good faith and fair dealing when such claim was "based on facts that are distinct from the underlying breach of contract").

Case 2:23-cv-02389-EFM-TJJ   Document 32   Filed 01/25/24   Page 5 of 5

-5-

*and distinct* cause of action requiring *separate and distinct* facts showing *separate and distinct* damages. Missing the point, Hyfin spends the entirety of its Response arguing that Defendants breached the contract. Nowhere does Hyfin attempt show how its implied covenant breach claim arises from facts separate from the underlying breach of contract. Accordingly, the Court concludes that Hyfin's claim for breach of the implied covenant of good faith and fair dealing is duplicative of its breach of contract claim. Because that claim "is premised on the same conduct that underlies the breach of contract cause of action and is intrinsically tied to the damages allegedly resulting from a breach of the contract," it "cannot be maintained."[13] Therefore, the Court grants Defendants' Motion.

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 25th day of January, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[13] *MBIA Ins. Corp. v. Merrill Lynch*, 81 A.D.3d 419, 420 (2011) (further citation and quotations omitted).